UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARCUS D. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-cv-00215-JPH-MG |
| | ) |
| T. J. WATSON, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTIONS FOR COUNSEL,
DENYING MOTION FOR LEAVE
TO PROCEED *IN FORMA PAUPERIS*,
AND DISMISSING ACTION WITHOUT PREJUDICE**

Marcus DeShawn Wright,[1] an inmate at the United States Penitentiary in Terre Haute (USP Terre Haute), brings this action against the warden, the United States Attorney General, and the "U.S. Prosecutor of San Antonio, Texas." He seeks leave to proceed *in forma pauperis* and the appointment of counsel.

Wright is not in imminent danger of serious physical injury, and he has previously brought three or more actions in federal court that were dismissed as frivolous or for failure to state a claim upon which

---

[1] As discussed below, Wright asserts that he has difficulty reading standard-sized fonts. Dkt. 8 at 2. The Court has used size-14 Bookman Old Style font for this Order.

relief may be granted. *See* 28 U.S.C. § 1915(g). His motion for leave to proceed *in forma pauperis* therefore must be **DENIED**. And because Wright has no means to pay the filing fee, this action is **DISMISSED** without prejudice. Finally, the motions for counsel are **DENIED** because Wright was competent to bring this action without the assistance of counsel.

## I. Background

### A. Prior Federal Litigation

Wright was in Texas state prison in the 1990s and early 2000s when he filed a handful of actions in federal court. At least three of those were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Wright v. West*, No. 1:97-cv-00679, dkts. 24 and 25 (E.D. Tex. July 15, 1999); *Wright v. Dehoyas*, No. 1:01-cv-00421, dkts. 7 and 8 (E.D. Tex. Dec. 13, 2001); *Wright v. Webb*, No. 7:00-cv-00128, dkts. 9 and 10 (N.D. Tex. Apr. 29, 2002). When he attempted to file another federal action, the district court, citing 28 U.S.C. § 1915(g), denied him leave to proceed *in forma pauperis*. *Wright v. Livingston*, No. 4:06-cv-03446, dkt. 8 (S.D. Tex. Nov. 22, 2006).

Wright has been in custody of the Federal Bureau of Prisons since 2015. *See United States v. Wright*, No. 5:13-cr-00806, dkt. 347 (W.D. Tex. Mar. 6, 2015) (sentencing order). He has recently filed several emergency motions for preliminary injunctions and temporary restraining orders—but never any complaints—in this Court and the Middle District of Florida.[2] These motions were all denied, except for the most recent, which was voluntarily dismissed.

**B.　This Case**

In May 2021, Wright filed another emergency motion for preliminary injunction and temporary restraining order, prompting the clerk to open this action. Dkt. 1. Wright has since filed a complaint, a motion to supplement the complaint, a motion for leave to proceed *in forma pauperis*, and two motions to appoint counsel.

Wright alleges in his complaint that Malcolm Copeland, a former co-defendant who believes Wright to be a "snitch," is also in custody at USP Terre Haute. Dkt. 6 at 3–4. From September 16,

---

[2] *See Wright v. Custodian*, No. 5:20-cv-00021 (M.D. Fla.); *Wright v. U.S. Attorney General*, No. 5:20-cv-00113 (M.D. Fla.); *Wright v. Warden*, No. 5:20-cv-00119 (M.D. Fla.); *Wright v. Cheatham*, No. 5:20-cv-00232 (M.D. Fla.); *Wright v. U.S. Marshal Service*, No. 2:20-cv-00626 (S.D. Ind.).

2020, through May 5, 2021, Wright was housed in a cell with Copeland's "close friends and associates." Dkt. 6 at 4. From the time he filed his complaint through the date of his most recent filing, Wright has been housed in solitary confinement. *See* dkt. 8 at 3 (motion for counsel filed simultaneously with the complaint) ("The plaintiff is currently . . . being housed under the extreme conditions of living in administrative segregation."); dkt. 13 at 2 ("The plaintiff is currently in solitary confinement.").

Wright also asserts that he has been legally blind for 20 years because he suffers from keratoconus.[3] Dkt. 6 at 8; dkt. 1-1 at 8.

In his motion to supplement his complaint, Wright alleges that an Assistant United States Attorney and the United States Attorney General allowed private investigators to visit him in prison in 2016. Dkt. 10 at 3. Shortly after this visit, Wright received two disciplinary charges against him, which caused him to be placed in solitary confinement. *Id.* at 4.

---

[3] "Keratoconus occurs when your cornea—the clear, dome-shaped front surface of your eye—thins and gradually bulges outward into a cone shape." Mayo Clinic, "Keratoconus," available at www.mayoclinic.org/diseases-conditions/keratoconus/symptoms-causes/syc-20351352.

## II. Motion for Leave to Proceed *In Forma Pauperis*

A prisoner may not bring a civil action proceeding *in forma pauperis* if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

When Wright was in state prison in Texas, he brought three or more actions that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Wright v. West*, No. 1:97-cv-00679, dkts. 24 and 25 (E.D. Tex. July 15, 1999); *Wright v. Dehoyas*, No. 1:01-cv-00421, dkts. 7 and 8 (E.D. Tex. Dec. 13, 2001); *Wright v. Webb*, No. 7:00-cv-00128, dkts. 9 and 10 (N.D. Tex. Apr. 29, 2002). He therefore may not bring this action proceeding *in forma pauperis* unless he was in imminent danger of serious physical injury when he filed the complaint. 28 U.S.C. § 1915(g); *see Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed.").

Wright alleges he is in danger because he is housed in the same prison as his former co-defendant, Copeland. Dkt. 6 at 4. But he does not allege that Copeland has any opportunity to commit violence against him. On the contrary, Wright is housed in administrative segregation, which he describes as "solitary confinement." Dkt. 8 at 3; dkt. 13 at 2. And although Wright alleges that he was previously housed in a cell with Copeland's "close friends and associates" for more than six months, dkt. 6 at 4, he does not allege that those cellmates ever physically confronted him.

Wright's allegations do not satisfy the "imminent danger of serious physical injury" exception. 28 U.S.C. § 1915(g); *compare Jones v. Jeffreys*, 798 F. App'x 29, 30–31 (7th Cir. 2020) (allowing case to proceed under "imminent danger" exception based on plaintiff's allegation that officers threatened to kill him when he returned to general population). His motion for leave to proceed *in forma pauperis*, dkt. [7], is therefore **DENIED**.

Wright asserts that he is indigent, dkt. 7 at 4, and his prisoner trust account shows that he has insufficient funds to pay the filing fee for this action, dkt. 13-1. Because Wright cannot proceed *in forma*

*pauperis* and cannot pay the filing fee, this action will be **DISMISSED** without prejudice.

The Court notes that Wright failed to disclose much of his prior federal litigation, including the cases that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See* dkt. 7 at 3 (motion for leave to proceed *in forma pauperis*) (disclosing some of his federal litigation in Florida). Ordinarily, this failure alone would warrant dismissal. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). But because more than a decade has passed since Wright's last § 1915(g) dismissal, the Court will chalk up his failure to disclose as an innocent mistake. Wright should take care to disclose his full federal litigation history—especially *Wright v. West*, No. 1:97-cv-00679 (E.D. Tex.), *Wright v. Dehoyas*, No. 1:01-cv-00421 (E.D. Tex.), and *Wright v. Webb*, No. 7:00-cv-00128 (N.D. Tex.)—if he ever attempts to bring another federal action proceeding *in forma pauperis*.

### III. Motions for Counsel

Usually, the Court must evaluate a plaintiff's request for counsel with an eye to the future of the case. But because this case is subject to dismissal for failure to pay the filing fee, the Court will

consider whether counsel should be recruited to try to salvage Wright's request for leave to proceed *in forma pauperis*.

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989).

Confronted with such a request, the Court must first make a threshold finding about whether the plaintiff has made a "'reasonable attempt to obtain counsel or been effectively precluded from doing so.'" *Eagen v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If the plaintiff has made a reasonable attempt, the Court must then determine whether the plaintiff is competent to litigate the case at its current stage, considering both the complexity of the case and the plaintiff's capacity to present it. *Id.*

Wright has not shown that he made a reasonable effort to obtain counsel. He asserts that he tried to get pro bono counsel from January 2019 to May 2021, but he provides no details or evidence of

his efforts. Dkt. 11 at 2; dkt. 12 at 3. For this reason, the requests for counsel, dkt. [8] and dkt. [11], are **DENIED**.

The Court also finds that Wright was competent to move for leave to proceed *in forma pauperis* without the assistance of counsel. Wright logically presented his claims. *See* dkt. 1; dkt. 6; dkt. 11. And he showed that he was able to follow the Court's instructions. *See* dkt. 5 (directing Wright to file a complaint and motion for leave to proceed *in forma pauperis*); dkt. 6 (complaint); dkt. 7 (motion for leave to proceed *in forma pauperis*); dkt. 9 (directing Wright to submit a copy of the transaction history from his prison trust account); dkt. 13-1 (copy of transaction history from prison trust account).

Wright asserts that he is illiterate, has an IQ of 79, has an unspecified learning disability, and has difficulty reading due to his keratoconus. Dkt. 11 at 2; dkt. 12 at 3. Even if these assertions are true, Wright's conditions have not prevented him from bringing numerous federal civil actions over the years and representing himself in at least one criminal trial. *Cf. United States v. Wright*, No. 5:13-cr-00806, dkt. 373 at 85 (criminal sentencing) (court noting that Wright represented himself at trial and remarking, "I thought you did an excellent job. . . . I was quite pleasantly surprised at your

[rhetorical] skill"). In short, Wright was competent to represent himself in this brief litigation.

## IV. Conclusion

Wright's motion for leave to proceed *in forma pauperis*, dkt. [7], is **DENIED**. His motions for counsel, dkt. [8] and dkt. [11], are **DENIED**. This action is **DISMISSED** without prejudice based on Wright's failure to pay the filing fee. Wright's motion to supplement his complaint, dkt. [10], is **DENIED** as moot. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 7/12/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARCUS D. WRIGHT
24986-380
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808