UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARCUS D. WRIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:21-cv-00215-JPH-MG ) |
| T. J. WATSON Warden of USP Terre Haute, et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER REGARDING REPETITIOUS FILINGS**

In 2021, Plaintiff Marcus D. Wright filed a complaint alleging constitutional violations related to the conditions of his confinement at Federal Correctional Center -Terre Haute. Dkt. 1. This complaint was dismissed for failure to pay the filing fee shortly thereafter. Dkts. 15, 16. Since that time, Mr. Wright has filed numerous motions related to his appellate filing fee assessed in this action. Most recently, he has filed a motion titled 'motion to compel with compliance to the liberal construction doctrine,' dkt. 59, in which Mr. Wright argues the Court imposed the appellate filing fee with 'wicked intent.' *Id.* at 2.

His voluminous and repetitious motions are a significant drain on the Court's ability to process and consider his cases and those of many others with pending cases before the Court. Mr. Wright is entitled to litigate his claims earnestly and receive the same attention and thoroughness the Court would afford any other party. But he is not entitled to monopolize the Court's resources by repeatedly filing the same materials or raising the same issues.

1

He also is not entitled to repeatedly present the same issues in search of a favorable ruling.

"Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989); *see also United States ex rel. Verdone v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders."). The Court will not sanction Mr. Wright at this time for these repeated filings, but he is hereby warned to be cautious in the future with his filings. "District judges have the inherent authority to impose sanctions—including dismissal—when a litigant engages in conduct that abuses the judicial process." *White v. Williams*, No. 10- 2400, 423 F. App'x 645, 646 (7th Cir. June 7, 2011). Because Mr. Wright has "struck out" under 28 U.S.C. § 1915(g), such a sanction could include a filing restriction, meaning Mr. Wright would be unable to file *any* papers in this Court.

As Mr. Wright's motion asks for the same relief and presents similar arguments as his previous motion for reconsideration, dkt. 48, the Court construes the motion at issue as a second motion for reconsideration. For the reasons outlined in the Court's April 6, 2025, order, Mr. Wright's motion, dkt.

[59], is **DENIED**. The **clerk is directed** to include a copy of the Court's previous ruling, dkt. 57, with this order.

**SO ORDERED.**

Date: 4/29/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARCUS D. WRIGHT
24986-380
TUCSON - USP
TUCSON U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 24550
TUCSON, AZ 85734

3